UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEMAR SAUCEDO-CHAVEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-02482 (UNA) |
| | ) |
| WHASHO COUNTY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se,* has filed a complaint, ECF No. 1, an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a first motion for relief ("Mot. I"), ECF No. 3, and a second motion for relief ("Mot. II"), ECF No. 4. The court grants the IFP application, and for the reasons discussed below, it dismisses this matter and denies plaintiff's pending motions.

At the outset, the court notes that plaintiff fails to provide his address, or any other contact information, as required. *See* D.C. LCvR 5.1(c)(1). Moreover, plaintiff sues a single defendant, "Whasho County." *See* Compl. at caption. No contact information is provided for the defendant, further contravening D.C. LCvR 5.1(c)(1).

The allegations themselves fare no better. Plaintiff's submissions are mostly written in Spanish, *see generally* Compl.; Mot. II, but where they can be interpreted, they are nonetheless incomprehensible, consisting of assorted non-sequiturs and myriad topics, including, but not limited to: paternity, attempted murder, discrimination, government documents, plaintiff's financial status, and the lottery in California, Reno, and Indianapolis. *See* Compl. at 2, 4–5; Mot. I at 1.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

As presented, plaintiff's complaint fails to provide adequate notice of a claim. Therefore, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   October 22, 2024                             _____/s/_____
                                                                            JIA M. COBB
                                                                      United States District Judge